IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA

v.                                                     Civil Action No. 3:11cv30-JAG
                                                          Crim. No. 3:09cr229-1

YVETTE M. EASTWOOD,
                Petitioner.

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Yvette Eastwood ("Petitioner"), a federal inmate represented by counsel, filed this motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. The United States has responded. The matter is ripe for disposition. For the reasons stated herein, the Court denies Petitioner's 28 U.S.C. § 2255 motion.

### I. Procedural History

This case concerns the guilty plea of an individual who conspired to distribute significant quantities of cocaine from 2003 through October 2007. On June 23, 2009, Eastwood was named in a Criminal Complaint for conspiracy to distribute and possession with intent to distribute 500 grams or more of cocaine hydrochloride—she was arrested shortly thereafter. On July 20, 2009, she was charged in a two-count indictment.[1] Several months later, on November 2, 2009, Eastwood was charged in a Criminal Information (Dk. No. 32) for conspiracy to distribute and possession with intent to distribute 500 grams or more of cocaine hydrochloride. Pursuant to a

---

[1] Eastwood was charged with (1) conspiracy to distribute and possession with intent to distribute 5 kilograms or more of cocaine hydrochloride, and (2) possession with intent to distribute 500 grams or more of cocaine hydrochloride. (*See* Indictment (Dk. No. 7).) The indictment was dismissed by the government at Petitioner's sentencing hearing. (Sentencing Tr. 28.)

written plea agreement (the "Plea Agreement"), Eastwood pleaded guilty to Count One of the Criminal Information the same day. (*See* Plea Agreement (Dk. No. 20).) The maximum penalties for Count One included a minimum mandatory term of five years of imprisonment and a maximum term of forty years of imprisonment; a fine of $2,000,000.00; full restitution; a special assessment; and, at least, four (4) years of supervised release.

Eastwood, her attorney, and the attorney for the government signed a written statement of facts (the "Statement of Facts") which was presented during her plea before Magistrate Judge Lauck. (*See* Dk. No. 21.) Therein, she stipulated that, starting before 2005 and continuing through October 19, 2007, she conspired and cooperated in the transportation and purchase of over 500 grams of cocaine hydrochloride, which was then resold for distribution. Eastwood also stipulated that the government could have proven each of the recited facts beyond a reasonable doubt had the matter gone to trial.

At her sentencing hearing on January 28, 2010, the Court found Eastwood's total offense level to be 29 and criminal history category to be level I. The Court computed Eastwood's guideline range to be 87 to 101 months of imprisonment. Notably, counsel for Petitioner had previously filed an objection to the presentence report arguing that Eastwood should qualify for a three-to-four level reduction in the offense level for her minimal role in the underlying conspiracy. (Def.'s Pos. on Sentencing (Dk. No. 25) ¶ 6-8.) After receiving the government's position and conducting thorough research on the matter, counsel determined that the objection lacked merit and withdrew it at sentencing. (Sentencing Tr. 3.) Following the government's recommendation of a sentence at the low-end of the guideline range, the Court sentenced Eastwood to ninety (90) months of imprisonment on Count One of the Criminal Information.

On March 28, 2011, Eastwood filed the instant 28 U.S.C § 2255 motion[2] for ineffective assistance of counsel in violation of her Sixth Amendment right.[3] She contends that her attorney, William J. Doran, III,[4] was ineffective in (1) failing to request a minor role adjustment at sentencing, and (2) failing to ensure that Eastwood made an intelligent and knowing guilty plea.

## II. Discussion

### A. Legal Standard

To demonstrate the ineffective assistance of counsel, a defendant must show first that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance facet of *Strickland*, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a defendant to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel's performance was deficient if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In the context of a guilty plea, the Supreme Court has modified the prejudice prong of *Strickland* to require a showing of "a reasonable probability that, but for counsel's errors,

---

[2] Eastwood first filed her § 2255 motion on January 14, 2011, but filed an amended motion on March 28, 2011, which mooted the previous filing.

[3] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

[4] Mr. Doran represented Eastwood at her Rule 11 hearing before Magistrate Judge M. Lauck and at sentencing before U.S. District Court Judge Henry E. Hudson.

3

[petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A petitioner's naked assertion that he would have pled not guilty but for counsel's alleged error does not resolve the issue. *See United States v. Mora-Gomez*, 875 F. Supp. 1208, 1214 (E.D. Va. 1995). Rather, "[t]his is an objective inquiry, *see Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988), and dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007) (citing *Hill*, 474 U.S. at 59-60). The Court looks to all the facts and circumstances surrounding a petitioner's plea, including the likelihood of conviction and any potential sentencing benefit to pleading guilty. *Id.* at 369–70.

Of course, in conducting the foregoing inquiry, the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). Post-conviction allegations that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are generally "palpably incredible" and "patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005). Accordingly, the Fourth Circuit has admonished that "[i]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Id.* at 221–22.

### B. Minor Role Reduction

Eastwood first claims that Mr. Doran provided ineffective assistance in failing to request a minor role reduction at her sentencing, pursuant to U.S.S.G. § 3B1.2, after withdrawing his

4

request for a minimal one. Section 3B1.2 provides for an offense-level reduction if a defendant was a "minimal" or "minor" participant. U.S.S.G. § 3B1.2(a)-(b). The "minimal participant" category covers defendants who are plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2 Comment (Note 4). In contrast, the "minor participant" category covers someone who is less culpable than most other participants, but whose role could not be described as minimal. U.S.S.G. § 3B1.2 Comment (Note 5). A defendant who is a "minimal participant" might be eligible for a four-level reduction; a "minor participant" may have her offense level reduced by two levels.

The crux of Eastwood's claim for the reduction is that her co-conspirators'[5] roles in the conspiracy were greater than Petitioner's; therefore, her sentence should be equal to or lesser than theirs. Yet, the adjustment is given "not only by comparing acts of each participant in relation to the relevant conduct for which the participant is held accountable, but also by measuring each participant's individual acts and relative culpability against the elements of the offense of conviction." *United States v. Palinkas*, 938 F.2d 456, 460 (4th Cir. 1991). "The critical inquiry is thus not just whether the defendant has done fewer 'bad acts' than his codefendants, but whether the defendant's conduct is material or essential to committing the offense." *Id.*; *see United States v. Pratt*, 239 F.3d 640, 646 (4th Cir. 2001).

The record in this case confirms the propriety of Mr. Doran's decision to withdraw his objection and decline to argue for a minor role reduction. Based on her stipulations, Eastwood was actively involved in the ongoing purchase, sale, and transportation of cocaine for a significant period of years. (*See* Statement of Facts (Dk. No. 21) 1, 3.) According to evidence

---

[5] Eastwood's co-conspirators, Michael Ryan, Stephen Noble, and Mark Stewart, were defendants in a 2007 criminal action in this Court, Criminal Case No. 3:07cr431. They received sentences ranging from 60-65 months.

from her probation officer, Eastwood's conduct involved at least 20 kilograms of cocaine over 5 years. (Gov.'s Pos. on Sentencing 2.) After assisting the FBI in the investigation and prosecution of others from 2000 to 2003, Eastwood re-entered the drug-trafficking arena in 2005. (*See* Presentence Report ¶¶ 9-10.) The evidence against Eastwood revealed that as recently as 2009, years after her co-conspirators had been imprisoned, she remained an active participant in facilitating the trafficking of drugs to Richmond, Virginia and elsewhere. (Gov.'s Pos. on Sent. 4.) In short, her conduct was essential to the commission of the conspiracy.

As such, neither a minimal nor minor role adjustment was warranted in Eastwood's case, and the strategic decisions by Mr. Doran to withdraw his objection and decline to argue for the minor role reduction were wise and reasonable. Eastwood's sentencing judge, the Honorable Henry E. Hudson, even remarked that a minimal reduction was unwarranted under the circumstances.[6] After Eastwood's counsel researched applicable Fourth Circuit precedent, he determined that arguing for any reduction would be a losing, and potentially harmful, tactic. Mr. Doran's strategy of declining to advance a non-meritorious claim certainly fell within the wide range of reasonable professional assistance.

---

[6]

| | | |
|---|---|---|
| THE COURT: | | Mr. Doran, you're contending that the guidelines have been improperly computed, is that right? |
| MR. DORAN: | | Judge, that was right on that day and at that time that I made that objection back on January 7th of this year. I have since been persuaded by some other factors that have come to my notice, and by the tenacity of the pleading filed by the government, that I am not going to prevail on those issues and therefore I will not proceed as such. |
| THE COURT: | | All right. Very well. My reading of the law would indicate that the probation officer is correct in not awarding her reduction for minimal participation. So I'll take it that you feel the Guidelines are properly computed, is that right? |
| MR. DORAN: | | Yes, sir. |

(Sentencing Hr'g Tr. 3-4.)

Moreover, the failure to argue for a minor role reduction had no prejudicial effect on Petitioner's sentence. Eastwood's actions and continued participation in cocaine trafficking clearly eliminated any reasonable probability that *any* role reduction was warranted in her case. The applicable Fourth Circuit precedent and comments of the sentencing judge[7] affirmed this impossibility. The Court will dismiss Petitioner's first claim for ineffective assistance of counsel.

## C. Nature and Elements of the Offense

Second, Eastwood claims that Mr. Doran provided ineffective assistance by failing to ensure that her guilty plea was knowing and intelligent. (Mem. Supp. § 2255 Mot. 17.) She contends that Magistrate Judge Lauck failed to adequately explain the nature and elements of the offense in Count One, and complains that the meaning of each term in the Criminal Information and Statement of Facts was never explained during the plea colloquy. (*Id.*) Moreover, she claims that because the Criminal Information was filed the same day as her plea, she did not have adequate time to understand it.[8] (*Id.* at 18.) The Court disagrees and finds Eastwood's contentions "wholly incredible." *See Blackledge*, 431 U.S. at 74 ("The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

During the Rule 11 hearing, the Court went to extraordinary lengths to ensure that Eastwood made a knowing and intelligent plea. *See United States v. Reckmeyer*, 786 F.2d 1216, 1221 (4th Cir. 1986) (finding that the district court must ensure that the defendant has been

---

[7] In sentencing Eastwood, U.S. District Judge Hudson found that she was "involved over several years" as a "multi-kilo cocaine trafficker." (Sentencing Tr. 23.)
[8] The Court finds this claim unbelievable since the November 2, 2010, Criminal Information contained the same charge, but with a different drug weight, originally alleged in the Criminal Complaint filed five months earlier. Eastwood could not have been surprised by these charges on the day of her plea.

7

properly informed by the required Rule 11 plea colloquy). Eastwood was informed of her choices and the seriousness of her actions:

> THE COURT: I also want you to know that you can chose to withdraw your guilty plea at any time until I accept it today. Once I take it today, though, you can't withdraw it except for what is called just and fair reason, and that is very high and difficult standard to meet under the law. So it would not be enough for you to decide you don't like the terms of the plea or you think you are facing a different test than you thought you might have. Do you understand that once I take your plea today you will be bound by what you said to me?
>
> EASTWOOD: Yes, Your Honor.

(Plea Hr'g. Tr. 6.) The Court ensured that she was aware of the charges against her as well as the maximum penalties:

> THE COURT: As I see it you are proposing to waive indictment and plead guilty to the single count in the criminal information, and that charges you with conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine hydrochloride, which is commonly called powder cocaine, in violation of title 21 United States Code section 846. That carries with it a mandatory minimum term of five years of imprisonment, a maximum term of 40 years, and up to a two-million dollar fine, restitution of $100 special assessment, and at least four years of supervised release, which would follow any jail term imposed. Is that your understanding of the charge and the maximum possible penalty?
>
> EASTWOOD: Yes, Your Honor.

(Plea Hr'g Tr. 7.) And the Court confirmed Eastwood's knowledge of the sentencing procedures, her satisfaction with Mr. Doran's representation, and her understanding of the voluntariness of her plea:

> THE COURT: Now, have you had a sufficient opportunity to discuss with your attorney everything about your case, including any possible defenses, as well as discussing the decision of whether or not to plead guilty?
>
> EASTWOOD: Yes, Your Honor.

| THE COURT: | Have you also discussed with your attorney how any sentence will be determined, that the Court will be guided by the Sentencing Guidelines Act and its procedures? |
|---|---|
| EASTWOOD: | Yes, Your Honor. |
| THE COURT: | Are you entirely satisfied with what your attorney has done for you? Do you believe that Mr. Doran has done all you needed so you could make an informed choice about how you wanted to proceed? |
| EASTWOOD: | Yes.[9] |
| THE COURT: | Do you understand, though, that the decision of whether or not to plead guilty can only be yours, not that of your attorney or anyone else you know? |
| EASTWOOD: | Yes. |

(Plea Hr'g Tr. 8-9.) Finally, Eastwood was informed of the requirement that the government prove each element of her offense beyond a reasonable doubt:

| THE COURT: | And do you also know that what the United States has to do is to prove every essential element beyond a reasonable doubt? So any charge, subparts, or elements, here they would have to prove all of these things beyond a reasonable doubt. Do you understand that? |
|---|---|
| EASTWOOD: | Yes. |

(Plea Hr'g Tr. 9.)

---

[9] Paragraph 4 of the Plea Agreement also states:

> The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement.

(Plea Agreement 2.)

Ultimately, Eastwood has failed to demonstrate any extraordinary circumstance that would allow her to discard her prior sworn assurances to the Court that she understood the nature of her offense and the required elements for the government to prove.[10] *See Lamaster*, 403 F.3d at 221-223. Because her second claim "necessarily relies on allegations that contradict [her prior] sworn statements" to this Court, the claim must be dismissed. *Id.* at 222.[11]

### III. Conclusion

Eastwood's 28 U.S.C. § 2255 Motion (Dk. No. 40) will be denied. The action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Because Eastwood has not satisfied this standard, a certificate of appealability will be denied.

An appropriate Order shall accompany this Memorandum Opinion.

---

[10] Given that, as a factual matter, Eastwood conspired to distribute over 500 grams of cocaine hydrochloride, and that Eastwood acknowledged that the government could prove that fact beyond a reasonable doubt, Eastwood fails to explain how a fuller explanation from counsel or Judge Lauck on this offense would have altered her plea decision. (*See* Statement of Facts ¶¶ 1-3.) As such, the claim must be dismissed because Eastwood has failed to demonstrate prejudice.

[11] The Court also notes that Eastwood is not entitled to relief on her assertion that counsel provided deficient advice with respect to her potential sentence. *See United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995) (concluding that the petitioner "could not be prejudiced by any misinformation his counsel allegedly provided him" where the Court properly informed the petitioner of the potential sentence he faced and that he could not rely upon any estimate provided by counsel).

Date: October 26, 2011
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge